FILED
CLERK OF COURTS
BROWN COUNTY, OHIO
2020 MAR 19 AM 10: 55
L. CLARK GRAY
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS OF BROWN COUNTY, OHIO

| | |
|---|---|
| PHILLIP SETTY | )
| | )
| Plaintiff, | )
| | ) Case No. 20200059
| v. | )
| | )
| VILLAGE OF RUSSELLVILLE | )
| et al., | ) Judge Scott T. Gusweiler
| | )
| Defendants. | )

---

### DEFENDANT VILLAGE OF RUSSELLVILLE'S FIRST AMENDED ANSWER TO PLAINTIFF PHILLIP SETTY'S COMPLAINT WITH JURY DEMAND

Pursuant to Ohio Rule of Civil Procedure 15(A) and Local Rule 8.4, Defendant Village of Russellville ("Russellville"), by and through its undersigned counsel, hereby answers Plaintiff Phillip Setty's Complaint for damages as follows:

1. Russellville is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. Russellville admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. Russellville admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. The allegations in paragraph 4 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations in paragraph 5 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Russellville denies the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. Russellville denies the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. As to paragraph 8 of Plaintiff's Complaint, Russellville admits only that Callahan was employed as the police chief for Russellville. The remaining allegations set forth in paragraph 8 of Plaintiff's Complaint are denied.

9. Russellville denies the allegations set forth in paragraph 9 of Plaintiff's Complaint. Russellville further states that on or about February 25, 2019, a criminal complaint for vandalism was filed against Plaintiff in the Brown County Municipal Court by Detective Rick Haney of the Brown County Sheriff's Office. (*See* 2/25/19 criminal complaint and probable cause statement, attached hereto as **Ex. A**). The prosecuting authority was the Brown County Prosecutor's Office on behalf of the State of Ohio.

10. The allegations in paragraph 10 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Russellville further states that the criminal prosecution against Plaintiff for vandalism was dismissed without prejudice by Jonathan D. Walker, Assistant Prosecuting Attorney for the Brown County Prosecutor's Office. (*See* 3/19/19 Dismissal of Charge, attached hereto as **Ex. B**).

11. Russellville denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Russellville denies the allegations set forth in paragraph 12 of Plaintiff's Complaint. Russellville further states that on or about April 2, 2019, a criminal complaint for criminal damaging or endangering was filed against Plaintiff in the Brown County Municipal Court by Detective Rick Haney of the Brown County Sheriff's Office. (*See* 4/2/19 criminal complaint and probable cause statement, attached hereto as **Ex. C**). The prosecuting authority was the Brown County Prosecutor's Office on behalf of the State of Ohio.

2

13. The allegations in paragraph 13 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Russellville further states that the criminal prosecution against Plaintiff for criminal damaging and endangering was dismissed with prejudice by Jonathan D. Walker, Assistant Prosecuting Attorney for the Brown County Prosecutor's Office. Plaintiff was ordered to pay the Russellville Police Department restitution in the amount of $50.00 as a condition of the dismissal. (*See* 10/2/19 Dismissal of Charge, attached hereto as **Ex. D**).

14. The allegations in paragraph 14 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Russellville further states that on or about November 25, 2019, a criminal complaint for animals running at large was filed against Plaintiff in the Brown County Municipal Court by Kelsey Rodich, an officer with the Village of Russellville Police Department. (*See* 11/25/19 criminal complaint and probable cause statement, attached hereto as **Ex. E**). The prosecuting authority was the Brown County Prosecutor's Office on behalf of the State of Ohio. Callahan further states that on or about March 3, 2020, the criminal prosecution against Plaintiff for animals running at large was dismissed without prejudice by Michele L. Harris, Assistant Prosecuting Attorney for the Brown County Prosecutor's Office. (*See* 3/3/20 Dismissal of Charge, attached hereto as **Ex. F**).

15. Russellville denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Russellville denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Russellville denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. In responding to paragraph 18 of Plaintiff's Complaint, Russellville incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 17 of Plaintiff's Complaint as though set forth in full herein.

19. Russellville denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Russellville denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Russellville denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Russellville denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Russellville denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Russellville denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. In responding to paragraph 25 of Plaintiff's Complaint, Russellville incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 24 of Plaintiff's Complaint as though set forth in full herein.

26. Russellville denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Russellville denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. Russellville denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Russellville denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Russellville denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Russellville denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. In responding to paragraph 32 of Plaintiff's Complaint, Russellville incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 31 of Plaintiff's Complaint as though set forth in full herein.

33. Russellville denies the allegations in paragraph 33 of Plaintiff's Complaint.

34. Russellville denies the allegations in paragraph 34 of Plaintiff's Complaint.

35. Russellville denies the allegations in paragraph 35 of Plaintiff's Complaint.

36. Russellville denies the allegations in paragraph 36 of Plaintiff's Complaint.

37. Russellville denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Russellville denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Russellville denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. In responding to paragraph 40 of Plaintiff's Complaint, Russellville incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 39 of Plaintiff's Complaint as though set forth in full herein.

41. Russellville denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Russellville denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Russellville denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Russellville denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Russellville denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Russellville denies the allegations in paragraph 46 of Plaintiff's Complaint.

47. Russellville denies the allegations in paragraph 47 of Plaintiff's Complaint.

48. In responding to paragraph 48 of Plaintiff's Complaint, Russellville incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 47 of Plaintiff's Complaint as though set forth in full herein.

49. Russellville denies the allegations in paragraph 49 of Plaintiff's Complaint.

50. Russellville denies the allegations in paragraph 50 of Plaintiff's Complaint.

51. Russellville denies the allegations in paragraph 51 of Plaintiff's Complaint.

52. Russellville denies the allegations in paragraph 52 of Plaintiff's Complaint.

53. Russellville denies the allegations in paragraph 53 of Plaintiff's Complaint.

54. Russellville denies the allegations in paragraph 54 of Plaintiff's Complaint.

55. Russellville denies the allegations in paragraph 55 of Plaintiff's Complaint.

56. In responding to paragraph 56 of Plaintiff's Complaint, Russellville incorporates herein by reference its responses to the allegations set forth in paragraphs 1 through 55 of Plaintiff's Complaint as though set forth in full herein.

57. Russellville denies the allegations in paragraph 57 of Plaintiff's Complaint.

58. Russellville denies the allegations in paragraph 58 of Plaintiff's Complaint.

59. Russellville denies the allegations in paragraph 59 of Plaintiff's Complaint.

60. Russellville denies the allegations in paragraph 60 of Plaintiff's Complaint.

61. Russellville denies each and every allegation not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The damage, if any, suffered by Plaintiff was caused in whole or in part, or was contributed to by the Plaintiff's own conduct.

### SECOND DEFENSE

Russellville alleges that the incidents referred to in Plaintiff's Complaint, and all injuries and damage resulting therefrom, were caused by the acts or omissions of a third party or parties over whom Russellville had no control.

### THIRD DEFENSE

Russellville is entitled to the immunities, defenses, damages limitations, collateral source damage setoffs, and other benefits provided by Ohio Revised Code Chapter 2744 *et seq.*

6

**FOURTH DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

At the time and place of the incident alleged in Plaintiff's Complaint, Russellville was without culpable fault on its part whatsoever.

**SIXTH DEFENSE**

Plaintiff's injuries, if any, were caused by new, independent, intervening and superseding causes, and not Russellville's actionable conduct, the existence of which is denied.

**SEVENTH DEFENSE**

Plaintiff has failed to mitigate his damages, if in fact any such damages exist.

**EIGHTH DEFENSE**

Plaintiff has failed to join necessary and/or indispensable parties including those with subrogation interests, for just adjudication.

**NINTH DEFENSE**

There is a lack of jurisdiction over the subject matter of Plaintiff's Complaint.

**TENTH DEFENSE**

The Plaintiff is not the real party in interest to some or all of the damages sought.

**ELEVENTH DEFENSE**

The Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver and estoppel.

## TWELFTH DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the doctrine of accord and satisfaction.

## THIRTEENTH DEFENSE

The Plaintiff has not sustained any legally cognizable injury and therefore lacks standing.

## FOURTEENTH DEFENSE

The amounts sought in Plaintiff's Complaint are subject to setoff and recoupment.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails due to insufficiency of process and/or insufficiency of service of process.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the statute of repose.

## SEVENTEETH DEFENSE

Plaintiff expressly and/or impliedly assumed the risk of injuries and damages, if any, which injuries and damages are specifically denied, by the manner and nature of his conduct.

## EIGHTEENTH DEFENSE

The damages sought by Plaintiff are attributable to one or more persons from whom Plaintiff does not seek recovery in this action.

## NINETEENTH DEFENSE

Plaintiff lacks legal capacity for the purpose of asserting and maintaining any of his various claims and causes of action.

## TWENTIETH DEFENSE

Plaintiff is barred by the doctrine of laches by reason of Plaintiff's unreasonable and prejudicial delay in filing and serving this action.

## TWENTIFIRST DEFENSE

Russellville reserves the right to plead additional defenses and/or affirmative defenses which might become known or appropriate during the course of discovery.

WHEREFORE, Russellville having fully answered Plaintiff's Complaint, prays that the same be dismissed with prejudice, that Russellville be awarded its attorneys' fees and costs in having to defend this matter and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
James H. Gordon – Trial Attorney
(0068454)
Jeremy R. Kopp (0090577)
Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Telephone:   614.441.4095
Telefax:        614.441.4471
*Email:* james.gordon@ansalaw.com
               jeremy.kopp@ansalaw.com
*Attorneys for Defendant Village of Russellville*

## JURY DEMAND

Russellville respectfully requests that the issues herein be tried before a jury.

_____
Jeremy R. Kopp

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent to the Brown County Clerk of Court on the 17th day of March, 2020 and that the following parties were served with an electronic copy pursuant to Ohio Rule of Civil Procedure 5(B)(2)(f):

Kristopher Burgess, Esq.
T. David Burgess Co., L.P.A.
110 N. Third Street
Williamsburg, Ohio 45176
*Counsel for Plaintiff*

JEREMY R. KOPP