

## IN THE COURT OF COMMON PLEAS OF BROWN COUNTY, OHIO

| | |
|---|---|
| PHILLIP SETTY | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 20200059 |
| VILLAGE OF RUSSELLVILLE et al., | ) Judge Scott T. Gusweiler |
|     Defendants. | ) |

---

### DEFENDANT MARCUS CALLAHAN'S FIRST AMENDED ANSWER TO PLAINTIFF PHILLIP SETTY'S COMPLAINT WITH JURY DEMAND

Pursuant to Ohio Rule of Civil Procedure 15(A) and Local Rule 8.4, Defendant Marcus Callahan ("Callahan"), by and through his undersigned counsel, hereby answers Plaintiff Phillip Setty's Complaint for damages as follows:

1. Callahan is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. Callahan admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. Callahan admits the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. The allegations in paragraph 4 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations in paragraph 5 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Callahan denies the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. Callahan denies the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. As to paragraph 8 of Plaintiff's Complaint, Callahan admits only that he was employed as the police chief for Russellville. The remaining allegations set forth in paragraph 8 of Plaintiff's Complaint are denied.

9. Callahan denies the allegations set forth in paragraph 9 of Plaintiff's Complaint. Callahan further states that on or about February 25, 2019, a criminal complaint for vandalism was filed against Plaintiff in the Brown County Municipal Court by Detective Rick Haney of the Brown County Sheriff's Office. (*See* 2/25/19 criminal complaint and probable cause statement, attached hereto as **Ex. A**). The prosecuting authority was the Brown County Prosecutor's Office on behalf of the State of Ohio.

10. The allegations in paragraph 10 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Callahan further states that the criminal prosecution against Plaintiff for vandalism was dismissed without prejudice by Jonathan D. Walker, Assistant Prosecuting Attorney for the Brown County Prosecutor's Office. (*See* 3/19/19 Dismissal of Charge, attached hereto as **Ex. B**).

11. Callahan denies the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Callahan denies the allegations set forth in paragraph 12 of Plaintiff's Complaint. Callahan further states that on or about April 2, 2019, a criminal complaint for criminal damaging or endangering was filed against Plaintiff in the Brown County Municipal Court by Detective Rick Haney of the Brown County Sheriff's Office. (*See* 4/2/19 criminal complaint and probable cause

statement, attached hereto as **Ex. C**). The prosecuting authority was the Brown County Prosecutor's Office on behalf of the State of Ohio.

13. The allegations in paragraph 13 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Callahan further states that the criminal prosecution against Plaintiff for criminal damaging and endangering was dismissed with prejudice by Jonathan D. Walker, Assistant Prosecuting Attorney for the Brown County Prosecutor's Office. Plaintiff was ordered to pay the Russellville Police Department restitution in the amount of $50.00, joint and severally with his co-defendant, as a condition of the dismissal. (*See* 10/2/19 Dismissal of Charge, attached hereto as **Ex. D**).

14. The allegations in paragraph 14 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Callahan further states that on or about November 25, 2019, a criminal complaint for animals running at large was filed against Plaintiff in the Brown County Municipal Court by by Kelsey Rodich, an officer with the Village of Russellville Police Department. (*See* 11/25/19 criminal complaint and probable cause statement, attached hereto as **Ex. E**). The prosecuting authority was the Brown County Prosecutor's Office on behalf of the State of Ohio. Callahan further states that on or about March 3, 2020, the criminal prosecution against Plaintiff for animals running at large was dismissed without prejudice by Michele L. Harris, Assistant Prosecuting Attorney for the Brown County Prosecutor's Office. (*See* 3/3/20 Dismissal of Charge, attached hereto as **Ex. F**).

15. The allegations in paragraph 15 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. Callahan denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Callahan denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. In responding to paragraph 18 of Plaintiff's Complaint, Callahan incorporates herein by reference his responses to the allegations set forth in paragraphs 1 through 17 of Plaintiff's Complaint as though set forth in full herein.

19. Callahan denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. The allegations in paragraph 20 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21. Callahan denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Callahan denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. The allegations in paragraph 23 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24. Callahan denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. In responding to paragraph 25 of Plaintiff's Complaint, Callahan incorporates herein by reference his responses to the allegations set forth in paragraphs 1 through 24 of Plaintiff's Complaint as though set forth in full herein.

26. Callahan denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Callahan denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Callahan denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Callahan denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Callahan denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Callahan denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. In responding to paragraph 32 of Plaintiff's Complaint, Callahan incorporates herein by reference his responses to the allegations set forth in paragraphs 1 through 31 of Plaintiff's Complaint as though set forth in full herein.

33. Callahan denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Callahan denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Callahan denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Callahan denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Callahan denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. Callahan denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. Callahan denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. In responding to paragraph 40 of Plaintiff's Complaint, Callahan incorporates herein by reference his responses to the allegations set forth in paragraphs 1 through 39 of Plaintiff's Complaint as though set forth in full herein.

41. Callahan denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Callahan denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. Callahan denies the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44. Callahan denies the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. Callahan denies the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46. Callahan is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of Plaintiff's Complaint and, therefore, denies the same.

47. Callahan denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. In responding to paragraph 48 of Plaintiff's Complaint, Callahan incorporates herein by reference his responses to the allegations set forth in paragraphs 1 through 47 of Plaintiff's Complaint as though set forth in full herein.

49. Callahan denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. Callahan denies the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51. Callahan denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. Callahan denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. Callahan denies the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. Callahan is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of Plaintiff's Complaint and, therefore, denies the same.

55. Callahan denies the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56. In responding to paragraph 56 of Plaintiff's Complaint, Callahan incorporates herein by reference his responses to the allegations set forth in paragraphs 1 through 55 of Plaintiff's Complaint as though set forth in full herein.

57. Callahan denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58. Callahan denies the allegations set forth in paragraph 58 of Plaintiff's Complaint.

59. Callahan denies the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60. Callahan denies the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61. Callahan denies each and every allegation not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The damage, if any, suffered by Plaintiff was caused in whole or in part, or was contributed to by the Plaintiff's own conduct.

### SECOND DEFENSE

Callahan alleges that the incidents referred to in Plaintiff's Complaint, and all injuries and damage resulting therefrom, were caused by the acts or omissions of a third party or parties over whom Callahan had no control.

### THIRD DEFENSE

Callahan is entitled to the immunities, defenses, damages limitations, collateral source damage setoffs, and other benefits provided by Ohio Revised Code Chapter 2744 *et seq.*

### FOURTH DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### FIFTH DEFENSE

At the time and place of the incident alleged in Plaintiff's Complaint, Callahan was without culpable fault on his part whatsoever.

### SIXTH DEFENSE

Plaintiff's injuries, if any, were caused by new, independent, intervening and superseding causes, and not Callahan's actionable conduct, the existence of which is denied.

### SEVENTH DEFENSE

Plaintiff has failed to mitigate his damages, if in fact any such damages exist.

## EIGHTH DEFENSE

Plaintiff has failed to join necessary and/or indispensable parties for just adjudication.

## NINTH DEFENSE

There is a lack of jurisdiction over the subject matter of Plaintiff's Complaint.

## TENTH DEFENSE

The Plaintiff is not the real party in interest to some or all of the damages sought.

## ELEVENTH DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver and estoppel.

## TWELFTH DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the doctrine of accord and satisfaction.

## THIRTEENTH DEFENSE

The Plaintiff has not sustained any legally cognizable injury and therefore lacks standing.

## FOURTEENTH DEFENSE

The amounts sought in Plaintiff's Complaint are subject to setoff and recoupment.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails due to insufficiency of process and/or insufficiency of service of process.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the statute of repose.

### SEVENTEETH DEFENSE

Plaintiff expressly and/or impliedly assumed the risk of injuries and damages, if any, which injuries and damages are specifically denied, by the manner and nature of his conduct.

### EIGHTEENTH DEFENSE

The damages sought by Plaintiff are attributable to one or more persons from whom Plaintiff does not seek recovery in this action.

### NINETEENTH DEFENSE

Plaintiff lacks legal capacity for the purpose of asserting and maintaining any of his various claims and causes of action.

### TWENTIETH DEFENSE

Plaintiff is barred by the doctrine of laches by reason of Plaintiff's unreasonable and prejudicial delay in filing and serving this action.

### TWENTIFIRST DEFENSE

Callahan reserves the right to plead additional defenses and/or affirmative defenses which might become known or appropriate during the course of discovery.

WHEREFORE, Marcus Callahan having fully answered Plaintiff's Complaint, prays that the same be dismissed with prejudice, that Callahan be awarded his attorneys' fees and costs in having to defend this matter and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

James H. Gordon – Trial Attorney
(0068454)
Jeremy R. Kopp (0090577)

9

Ansa Assuncao LLP
Two Miranova Place, Suite 300
Columbus, Ohio 43215
Telephone:   614.441.4095
Telefax:     614.441.4471
*Email:* james.gordon@ansalaw.com
           jeremy.kopp@ansalaw.com
*Attorneys for Defendant Marcus Callahan*

## JURY DEMAND

Marcus Callahan respectfully requests that the issues herein be tried before a jury.

_____
Jeremy R. Kopp

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent to the Brown County Clerk of Court on the 17th day of March, 2020 and that the following parties were served with an electronic copy pursuant to Ohio Rule of Civil Procedure 5(B)(2)(f):

Kristopher Burgess, Esq.
T. David Burgess Co., L.P.A.
110 N. Third Street
Williamsburg, Ohio 45176
*Counsel for Plaintiff*

_____
JEREMY R. KOPP