FILED
CLERK OF COURTS
BROWN COUNTY, OHIO

2020 JUN 10 AM 10: 18

L. CLARK GRAY
CLERK OF COURTS

## IN THE COMMON PLEAS COURT OF
## BROWN COUNTY, OHIO

| | | |
|---|---|---|
| PHILLIP SETTY<br>333 South Columbus Street<br>Russellville, Ohio 45168 | * <br> * <br> * <br> * | **CASE NO. 2020 0059** |
| | | **JUDGE SCOTT T. GUSWEILER** |
| Plaintiff | * <br> * | |
| v. | * <br> * | |
| VILLAGE OF RUSSELLVILLE<br>203 East Main Street<br>Russellville, Ohio 45168 | * <br> * <br> * <br> * | **FIRST AMENDED COMPLAINT<br>WITH JURY DEMAND** |
| and | * <br> * | |
| MARCUS CALLAHAN<br>203 East Main Street<br>Russellville, Ohio 45168 | * <br> * <br> * <br> * | |
| Defendants | * | |

Now comes the Plaintiff, by and through counsel, Kristopher Burgess, Esq., and hereby sues

the Defendants, and alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking redress, among other things herein, for injuries caused

   by the Defendants, when individually, collectively, or otherwise, improperly charged the

   Plaintiff with crimes, with improper intent of a malicious nature, on three separate

   occasions; made false statements about the Plaintiff of a defamatory nature; intentionally

   or recklessly inflicted severe emotional distress upon Plaintiff; intentionally, recklessly,

   or negligently inflicted financial harm to Plaintiff; inadequately trained officers which

[ 1 ]

resulted in the depravation of Plaintiff's constitutional and civil rights; and executed

policy that amounted to a deprivation of Plaintiff's constitutional and civil rights.

## PARTIES

2. Plaintiff, Phillip Setty, is above the age of 18 years old and is a resident of Brown

   County, Ohio.

3. The Defendant, Marcus Callahan is above the age of 18 years old and is the police chief

   of the Village of Russellville.

4. The Defendant, the Village of Russellville, is municipality in Brown County, Ohio.

## JURISDICTION, VENUE AND FACTS

5. Jurisdiction in this Court is appropriate pursuant to R.C. 2305.01 because Plaintiff brings

   civil claims against both Defendants for sums that exceed the exclusive original

   jurisdiction of other courts.

6. Further, jurisdiction over any claims under 42 USCS § 1983 is proper with this Court,

   because this Court has concurrent jurisdiction with the U.S. District Court for the

   Southern District of Ohio, because common pleas courts "are ones of original and general

   jurisdiction, and because Congress has permitted such actions to be brought in state

   courts as well as federal courts, thereby providing state courts concurrent jurisdiction

   over Section 1983 claims." *Schwarz v. Bd. of Trustees*, 31 Ohio St.3d 267, 272 (1987);

   *citing Jackson v. Kurtz*, 65 Ohio App.2d 152 (1st Dist. 1979).

7. Venue is appropriate in this Court pursuant to Civ.R. 3 because the claim arose wholly in

   Brown County, Ohio.

8. Sometime prior to November 25, 2018, Plaintiff, based on a good faith belief and report

   of imminent criminal action, reported a possible criminal situation to a police officer in

[ 2 ]

Brown County, and the possible criminal situation involved Defendant Marcus
Callahan's wife.

9.  Defendant Marcus Callahan was upset about Plaintiff's report, and used his position and
    authority, under the color of state law, to retaliate for Plaintiff's exercise of his First
    Amendment right to free speech, to report something to authorities that was
    unequivocally a matter of public concern.

10. Sometime after November 25, 2018, and before February 26, 2019, Defendant, Marcus
    Callahan, published statements accusing Plaintiff of criminal conduct, despite previously
    indicating that the same conduct was not criminal.

11. At the time Defendant, Marcus Callahan, published the statements mentioned in
    Paragraph 6, the Defendant was the acting police chief for the Village of Russellville.

12. At all times in the facts and claims alleged herein, Defendant, Marcus Callahan, was
    employed as the police chief for the Village of Russellville.

13. On February 26, 2019, the Defendants, Marcus Callahan and the Village of Russellville,
    initiated criminal prosecution against the Plaintiff in the form of a felony charge for
    vandalism under R.C. 2909.05(B)(2).

14. On March 9, 2019, Defendants, Marcus Callahan and the Village of Russellville,
    dismissed the criminal prosecution instituted against the Plaintiff prior to any issuance of
    charges to be heard by a grand jury and without any finding of probable cause.

15. Sometime after October 1, 2018 and before April 2, 2019, Defendant, Marcus Callahan,
    published statements accusing Plaintiff of criminal conduct, despite previously indicating
    that the same conduct was not criminal.

[ 3 ]

16. On April 2, 2019, the Defendants, Marcus Callahan and the Village of Russellville, initiated criminal prosecution against the Plaintiff in the form of a charge for criminal damaging or endangering under R.C. 2909.06(A)(1).

17. On October 2, 2019, the Defendants, Marcus Callahan and the Village of Russellville, dismissed the charge against Plaintiff with prejudice and without any finding of probable cause.

18. On November 25, 2019, Defendants, Marcus Callahan and the Village of Russellville, initiated criminal prosecution against the Plaintiff and his wife in the form of charges for animals running at large under R.C. 951.02.

19. Prior to the actions taken in Paragraph 18, Defendants, Marcus Callahan and the Village of Russellville, never contacted Plaintiff or his wife to indicate that there were any issues with the animals, and no prior notice was given or allowance made for the Plaintiff to address any issues with the animals. Instead, without any notice, the Defendants initiated prosecution against the Plaintiff and his wife.

20. Prior to the actions taken in Paragraph 18, Defendants did not have any prior notice of complaints with regard to the animals owned by Plaintiff and his wife being "at large," and had no reason to believe that Plaintiff and his wife were reckless about their animals being "at large."

21. The charges against Plaintiff and his wife regarding animals were dismissed on March 3, 2020.

22. Plaintiff suffered harm from the statements published by Defendant, Marcus Callahan.

23. Plaintiff suffered harm from the prosecutions initiated by the Defendants, Marcus Callahan and the Village of Russellville.

[4]

## FIRST CAUSE OF ACTION – MALICIOUS PROSECUTION

24. Plaintiff re-alleges and incorporates paragraphs 1-23 above as if fully restated herein.

25. Plaintiff alleges that Defendants, Marcus Callahan and the Village of Russellville, should be held liable for malicious prosecution.

26. Defendants, Marcus Callahan and the Village of Russellville, on February 26, 2019, instituted criminal prosecution against the Plaintiff.

27. Defendants, Marcus Callahan and the Village of Russellville, had malice in instituting the criminal prosecution against Plaintiff.

28. Defendants, Marcus Callahan and the Village of Russellville, lacked probable cause in instituting and continuing the criminal prosecution against Plaintiff.

29. The criminal prosecution instituted by Defendants, Marcus Callahan and the Village of Russellville, terminated in favor of the Plaintiff on March 9, 2019.

30. Plaintiff suffered harm as a result of Defendants, Marcus Callahan and the Village of Russellville, instituting criminal prosecution against the Plaintiff on February 26, 2019.

## SECOND CAUSE OF ACTION – MALICIOUS PROSECUTION

31. Plaintiff re-alleges and incorporates paragraphs 1-30 above as if fully restated herein.

32. Plaintiff alleges that Defendants, Marcus Callahan and the Village of Russellville, should be held liable for malicious prosecution.

33. Defendants, Marcus Callahan and the Village of Russellville, on April 2, 2019, instituted criminal prosecution against the Plaintiff.

34. Defendants, Marcus Callahan and the Village of Russellville, had malice in instituting the criminal prosecution against Plaintiff.

[ 5 ]

35. Defendants, Marcus Callahan and the Village of Russellville, lacked probable cause in instituting and continuing the criminal prosecution against Plaintiff.

36. The criminal prosecution instituted by Defendants, Marcus Callahan and the Village of Russellville, terminated in favor of the Plaintiff on October 2, 2019.

37. Plaintiff suffered harm as a result of Defendants, Marcus Callahan and the Village of Russellville, instituting criminal prosecution against the Plaintiff on April 2, 2019.

## THIRD CAUSE OF ACTION – IIED or RIED

38. Plaintiff re-alleges and incorporates paragraphs 1-37 above as if fully restated herein.

39. Plaintiff alleges that Defendant, Marcus Callahan, should be held liable for the tort of intentional or reckless infliction of emotional distress.

40. Defendant, Marcus Callahan, intended to cause Plaintiff, or recklessly caused, serious emotional distress where he used his position as police chief to wrongfully pursue criminal prosecution against Plaintiff.

41. The conduct of Defendant, Marcus Callahan, was extreme and outrageous where criminal prosecution was pursued despite Defendant, Marcus Callahan, acknowledging that Plaintiff's conduct was not criminal and where the Defendant, Marcus Callahan, had acknowledged that the Plaintiff acted under the implied authority of the Village of Russellville in the Defendant's absence (at the time of the alleged criminal conduct that was the subject of the prosecutions).

42. Defendant, Marcus Callahan, has caused severe emotional distress to Plaintiff because of his extreme and outrageous conduct.

43. Defendant, Marcus Callahan, lacked probable cause in instituting and continuing the criminal prosecutions against Plaintiff.

44. The criminal prosecution instituted by Defendant, Marcus Callahan, terminated in favor of the Plaintiff on March 9, 2019.

45. Plaintiff suffered harm as a result of Defendant, Marcus Callahan, instituting criminal prosecution against the Plaintiff on February 26, 2019.

## FOURTH CAUSE OF ACTION - DEFAMATION

46. Plaintiff re-alleges and incorporates paragraphs 1-45 above as if fully restated herein.

47. Plaintiff states that Defendant, Marcus Callahan, should be held liable for defamation.

48. Sometime after October 1, 2018 and before February 26, 2019, Defendant, Marcus Callahan, maliciously caused to be published defamatory statements concerning the Plaintiff.

49. Defendant, Marcus Callahan, published the statements described in Paragraph 48 to the Brown County Sheriff's Department, a separate third party.

50. Defendant, Marcus Callahan, intended to, and did, accuse Plaintiff of committing a crime despite knowing that Plaintiff's conduct was not criminal.

51. The statements accusing the Plaintiff of criminal conduct made by Defendant, Marcus Callahan resulted in criminal charges being filed against Plaintiff.

52. Plaintiff is a private individual and has never sought media attention and has not attempted to become a public figure.

53. The defamatory statements made by Defendant, Marcus Callahan, solely caused Plaintiff to suffer harm and damages, which include but are not limited to: 1) emotional harm; 2) severe distress and anxiety; 3) loss of reputation in the community; 4) public ridicule and contempt; 5) embarrassment and humiliation; 6) delay in obtaining additional employment; 7) burdened by unnecessary worry and concern; 8) financial harm for

[ 7 ]

having to pay attorney fees for two separate criminal defense cases as well as for the

pursuing of the recovery sought by this action; and 9) other injuries, hurt, or damages,

foreseeable or otherwise.

### FIFTH CAUSE OF ACTION - DEFAMATION

54. Plaintiff re-alleges and incorporates paragraphs 1-53 above as if fully restated herein.

55. Plaintiff states that Defendant, Marcus Callahan, should be held liable for defamation.

56. Sometime after October 1, 2018 and before February 26, 2019, Defendant, Marcus
    Callahan, maliciously caused to be published defamatory statements concerning the
    Plaintiff.

57. Defendant, Marcus Callahan, intended to, and did, accuse Plaintiff of engaging in
    deceitful behavior and attempting to harm Defendant, Marcus Callahan, without any
    knowledge on which to base such accusations.

58. Defendant, Marcus Callahan, published the statements described in Paragraphs 56 and 57
    to the Brown County Sheriff's Department, a separate third party.

59. The statements described in Paragraphs 56 and 57 made by Defendant, Marcus Callahan,
    resulted in criminal investigation into potential charges against Plaintiff.

60. Plaintiff is a private individual and has never sought media attention and has not
    attempted to become a public figure.

61. The defamatory statements made by Defendant, Marcus Callahan, solely caused Plaintiff
    to suffer harm and damages, which include but are not limited to: 1) emotional harm; 2)
    severe distress and anxiety; 3) loss of reputation in the community; 4) public ridicule and
    contempt; 5) embarrassment and humiliation; 6) delay in obtaining additional
    employment; 7) burdened by unnecessary worry and concern; 8) financial harm for

[ 8 ]

having to pay attorney fees for the pursuing of the recovery sought by this action; and 9)

other injuries, hurt, or damages, foreseeable or otherwise.

## SIXTH CAUSE OF ACTION – MALICIOUS PROSECUTION
### (formerly the Abuse of Process Claim, which was rendered moot by the dismissal)

62. Plaintiff re-alleges and incorporates paragraphs 1-61 above as if fully restated herein.

63. Plaintiff alleges that Defendants, Marcus Callahan, and the Village of Russellville, should

   be held liable for malicious prosecution (formally abuse of process, because the legal

   proceeding came to an authorized conclusion in favor of the Plaintiff).

64. Defendants, Marcus Callahan and the Village of Russellville, on November 25, 2019,

   instituted criminal prosecution against the Plaintiff, under two separate case numbers.

65. Defendants, Marcus Callahan and the Village of Russellville, lacked probable cause in

   instituting and continuing the criminal prosecution against Plaintiff.

66. The criminal prosecution instituted by Defendants, Marcus Callahan and the Village of

   Russellville, terminated in favor of the Plaintiff on March 3, 2020.

67. Plaintiff suffered harm as a result of Defendants, Marcus Callahan and the Village of

   Russellville, instituting the multiple criminal prosecutions against the Plaintiff on

   November 25, 2019.

## SEVENTH CAUSE OF ACTION – INADEQUATE TRAINING POLICY

68. Plaintiff re-alleges and incorporates paragraphs 1-67 above as if fully restated herein.

69. Defendant, Village of Russellville, and its employees, were negligent in designing,

   drafting, and operating a training protocol or program for their officers, or failed to

   implement proper training measures which would have directly prevented the harm

   suffered in this case. The negligence occurred within or on the grounds of buildings and

[ 9 ]

grounds including virtual buildings and grounds that are used in connection with the performance of a governmental function.

70. Officers employed by the Village of Russellville were inadequately trained on fundamentals of law enforcement that included a failure to train officers to not charge citizens with crimes without probable cause or a factual basis that aligns with a criminal statute.

71. Because of the duties assigned to the law enforcement officers of the Village of Russellville, basic skills, such as, being able to articulate or provide a factual basis for an offense that will be charged, should be taught to any officer who is employed or charged with enforcing the law in the Village of Russellville.

72. A failure to train officers to properly establish an actionable factual basis before charging an individual with a crime is very likely to result in the violation of constitutional rights.

73. The Village of Russellville was deliberately indifferent to the need to train these officers or its officers in the basics of establishing a factual basis before charging an individual with a crime.

74. The Village of Russellville's indifference to adequate training amounted to a policy of the village and is, therefore, actionable.

75. The Village of Russellville's inadequate training policy directly and proximately caused officers to be indifferent to the requirements for charging a citizen with a crime on three separate occasions in just the Plaintiff's case, and also resulting in a baseless charge against Plaintiff's wife.

76. Plaintiff has suffered harm as a direct and proximate result of three separate instances of charges against himself, and for a set of charges, similarly unfounded, against his wife.

[ 10 ]

77. A adequate training program (or policy) addressing the requirements to bring a criminal charge in the first place would have prevented the harm that resulted in this case.

## EIGHTH CAUSE OF ACTION – VIOLATION OF FIRST AMENDMENT RIGHTS

78. Plaintiff re-alleges and incorporates paragraphs 1-77 above as if fully restated herein.

79. Defendant, Marcus Callahan, acted on behalf of the Village of Russellville in executing policy that amounted to a depravation of Plaintiff's constitutional rights.

80. In his capacity as police chief, acting under the color of state law, Defendant Marcus Callahan pursued criminal prosecution against Plaintiff in retaliation for Plaintiff's exercise of his First Amendment Right to free speech, when Plaintiff reported a possible criminal situation that happened to involve Defendant Marcus Callahan's wife.

81. Defendant Marcus Callahan was the highest official at the Village of Russellville as it pertained to making policing and law enforcement decisions.

82. Whether aware or not, Ohio law permits a person to act in good faith under the instructions of a law enforcement officer, and Defendant Marcus Callahan either knowingly or recklessly prosecuted Plaintiff despite the fact that Defendant knew Plaintiff's allegedly criminal actions were the result of direct instruction from one of the Defendant's own officers—who was actually a police sergeant for the Village of Russellville at the time.

83. Despite the applicability of the affirmative defense of entrapment by estoppel, Defendant Marcus Callahan, as the police chief for the Village of Russellville, proceeded to prosecute the Plaintiff in retaliation of Plaintiff exercising his First Amendment right to free speech when Plaintiff reported matters of public concern to a police officer.

84. A . a result of the actions of both Defendants, the Plaintiff suffered damages including, without limitation, loss of liberty, suffering of body and mind, and emotional distress.

85. Ti e Defendants' actions directly and proximately caused the foregoing damages suffered by Plaintiff.

## NINTH CAUSE OF ACTION – 42 U.S.C. § 1983 CLAIM

86. P. intiff re-alleges and incorporates paragraphs 1-85 above as if fully restated herein.

87. T. e Defendants, acting under the color of state law, willfully and wantonly deprived the P intiff of his clearly established rights, privileges, and immunities secured by the First, F urth, and Fourteenth Amendments of the United States Constitution.

88. A . a result of Defendants' actions, the Plaintiff suffered damages including, without li itation, loss of liberty, suffering of body and mind, and emotional distress.

89. T e Defendants' actions directly and proximately caused the foregoing damages suffered by Plaintiff.

## TENTH CAUSE OF ACTION – VIOLATION OF OHIO CONSTITUTION

90. P. intiff re-alleges and incorporates paragraphs 1-89 above as if fully restated herein.

91. T e Defendants, acting under the color of state law, willfully and wantonly deprived the P intiff of his clearly established rights, privileges, and immunities secured by the Ohio Constitution, Article I, Sections 1, 11, 19, and 20.

92. T e Defendants implemented, promulgated, or enforced policy, under the color of state la v, which resulted in violation of Plaintiff's rights under the Ohio Constitution.

93. T e Defendants' conduct that resulted in a violation of Plaintiff's rights under the Ohio Constitution directly and proximately caused harm to the Plaintiff.

[ 12 ]

## JURY DEMAND

**WHERE FORE,** Plaintiff demands that all issues in this matter be tried before a jury.

## PRAYER FOR RELIEF

**WHERE FORE,** Plaintiff demands judgment as follows:

1. T at the Court order Defendants to be jointly and severally liable to Plaintiff for damages in excess of $25,000.00, which will be shown at trial;

2. T at the Court order Defendants to issue public statements acknowledging that the pr oceedings initiated against Plaintiff were done so in error;

3. T at the Court order that Defendants be responsible for paying Plaintiff's reasonable at orney's fees incurred by prosecuting this action as well as for defending the other ac ions mentioned above;

4. T at the Court order Defendants to be responsible for the costs of suit as prescribed by la v, which is in part specifically authorized pursuant to 42 U.S.C. § 1988(b);

5. Is ue an Order compelling Defendants to institute policies and procedures which comport w th constitutional mandates;

6. T at the Court order Defendants to pay the costs of the medical treatment that Plaintiff h s had to undergo as a result of this Defendant's conduct;

7. A vard Plaintiff punitive damages against Defendant Marcus Callahan in an amount to be sh wn at trial (punitive damages are not sought against Defendant Village of R .ssellville); and

8. T at the Court order any further relief as the Court may deem just and equitable.

Respectfully submitted,

**Kristopher Burgess, Esq. (#0095220)**
Trial Counsel for Plaintiff
T. David Burgess Co., L.P.A.
110 N Third St
Williamsburg, Ohio 45176
Phone: (513) 724-2252
Fax:    (513) 724-2254
Email: kristopher@theburgessfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed on the 5th of June, 2020, and it was filed attached to the Motion for Leave to Amend with Consent, and that the attorney for Defendants was served with an electronic copy.

Respectfully submitted,

**Kristopher Burgess, Esq. (#0095220)**
Trial Counsel for Plaintiff
T. David Burgess Co., L.P.A.

[ 14 ]