UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**PHILLIP SETTY,**

    **Plaintiff,**

  v.

**VILLAGE OF RUSSELLVILLE, et al.,**

    **Defendants.**

Case No. 1:20-cv-476
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Phillip Setty's Motion to Dismiss Without Prejudice Pursuant to Rule 41(a)(2) (Doc. 14). For the reasons discussed more fully below, the Court **GRANTS** Setty's Motion (Doc. 14), and accordingly **DISMISSES** his First Amended Complaint (Doc. 7) **WITHOUT PREJUDICE**. As a result, the Court also **DENIES AS MOOT** Defendants Village of Russellville and Marcus Callahan's Partial Motion to Dismiss (Doc. 10).

## BACKGROUND

In late 2018, Phillip Setty alleges that he, based on a good faith belief that criminal activity was about to occur, reported a "possible criminal situation" to a police officer in Brown County. (First Am. Compl. ("FAC"), Doc. 7, #230–31[1]). This "possible criminal situation" somehow involved the wife of Defendant Marcus Callahan, who was at that time serving as the Police Chief of the Village of

---

[1] Refers to PAGEID #.

Russellville. (*Id.*). According to Setty, this report upset Callahan, who then allegedly used his position as Police Chief to retaliate against Setty. (*Id.* at #231).

This retaliation took the form of "statements accusing [Setty] of criminal conduct," which Callahan allegedly "published" in late 2018 or early 2019. (*Id.*). On February 26, 2019, Callahan and the Village initiated a criminal prosecution against Setty, charging Setty with felony vandalism under an Ohio statute. (*Id.*). However, Defendants dismissed the charge two weeks later, before grand jury indictment and "without any finding of probable cause." (*Id.*).

Again, sometime in late 2018 or early 2019, Setty alleges that Callahan "published statements accusing [Setty] of criminal conduct." (*Id.*). This allegedly precipitated another criminal prosecution, initiated on April 2, 2019, this time for criminal damaging or endangering. (*Id.* at #232). This charge was likewise dismissed six months later. (*Id.*).

On November 25, 2019, the Defendants initiated another criminal proceeding, this time against Setty and his wife, for "animals running at large." (*Id.*). Setty alleges that this prosecution, like the other two, was baseless. Defendants dismissed the charges against Setty and his wife on March 3, 2020. (*Id.*).

Setty alleges that he suffered harm from the statements published by Callahan and from the prosecutions initiated by the Defendants. As a result, Setty filed a six-count Complaint in the Brown County Court of Common Pleas on January 30, 2020, asserting claims for malicious prosecution, intentional or reckless infliction of emotional distress, defamation, and abuse of process. (*See* Compl., Doc. 2, #144, 146–

51). After Defendants answered (*see* Amended Answers, Docs. 5 and 6), Setty filed an amended ten-count complaint (the operative complaint) in the same court on June 10, 2020. (*See* FAC, Doc. 7). In his amended Complaint, Setty asserts claims for malicious prosecution (Counts One, Two, and Six), intentional infliction of emotional distress (Count Three), defamation (Counts Four and Five), inadequate training (Count Seven), First Amendment retaliation (Count 8), violations of 42 U.S.C. § 1983 (Count Nine), and violations of various provisions of the Ohio Constitution (Count Ten). (*Id.* at #233–40).

Defendants removed the action to this Court on June 17, 2020. (Notice of Removal, Doc. 1). One month later, Defendants moved to dismiss (*see* Doc. 10) most of Setty's First Amended Complaint (Doc. 7) for failure to state a claim, except for the First Amendment claim (Count Eight) and the § 1983 claim (Count Nine) to the extent it asserts a § 1983 claim based on the deprivation of Setty's First Amendment rights. Setty responded in opposition (Doc. 11), and Defendants replied in support (Doc. 12).

Before the Court ruled on the Defendants' Motion to Dismiss (Doc. 10), Setty filed the instant Motion (Doc. 14), requesting dismissal of his First Amended Complaint (Doc. 7) without prejudice. Defendants responded in opposition (Doc. 15) on February 18, 2022. Setty failed to reply, and the matter is now before the Court.

## LAW AND ANALYIS

Setty moves to dismiss under Fed. R. Civ. P. 41(a)(2), which provides that, after an answer has been served or motion for summary judgment has been filed, an action may be dismissed without prejudice at the plaintiff's request "only by court order, on terms that the court considers proper."[2] *See* Fed. R. Civ. P. 41(a)(1)–(2). In requiring a court's order, Rule 41(a)(2) aims "to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990)). Although the decision to grant such a motion lies within the discretion of the trial judge, the Sixth Circuit has held that an abuse of discretion may be found where dismissal without prejudice would cause the defendant "plain legal prejudice." *Id.*

In their Opposition, Defendants argue that Sixth Circuit precedent requires denial of Setty's motion because granting it would cause them plain legal prejudice and therefore represent an abuse of discretion. They further argue in the alternative that, if the Court grants Setty's motion, the Court should also award Defendants their legal costs.

---

[2] Defendants filed their respective Amended Answers (Doc. 5; Doc. 6) to Setty's original Complaint (Doc. 2) on March 18, 2020, in the Brown County Court of Common Pleas. But that is not the operative Complaint. (*See* FAC, Doc. 7). Defendants did not serve an answer to nor move for summary judgment on Setty's First Amended Complaint (Doc. 7). Thus, Setty might have argued that he could dismiss the action simply by filing a notice of dismissal under Fed. R. Civ. P. 41(a)(1). However, Setty made no such argument, and the Court deems it waived. Moreover, allowing such a procedural maneuver would contradict the defendant-protection purpose of Rule 41. *See also Wright v. Standard Ins. Co.*, No. 807-CV-1586, 2008 WL 5070228, at *6 (M.D. Fla. Nov. 24, 2008) (noting persuasive precedent that concludes that "the service of an amended complaint does not revive the right to voluntarily dismiss an action").

4

A. **Granting Setty's Motion Will Not Cause Defendants Plain Legal Prejudice.**

Defendants first argue that granting Setty's motion to dismiss the action without prejudice would result in plain legal prejudice to Defendants. The Sixth Circuit has articulated four factors to guide the determination of whether a voluntary dismissal will cause the defendant plain legal prejudice: (1) the amount of effort and expense the defendant has incurred in trial preparation; (2) any excessive delay and lack of diligence on the part of the plaintiff; (3) the sufficiency of plaintiff's explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment. *Id.*

However, "[t]hese factors are only a guide," and the "trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)). That is, the Court need not resolve every factor in Setty's favor to find that dismissal without prejudice is warranted. *Rosenthal*, 217 F. App'x at 502. Moreover, merely facing the prospect of a subsequent, related lawsuit does not establish "plain legal prejudice." *See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover*, 33 F.3d at 718). Defendants argue that each of the *Grover* factors weigh in favor of denying Setty's motions, and the Court will consider those arguments in turn.

With respect to the first factor, Defendants argue that they have "invested substantial time, effort, and expense in defending this action," including by filing their notice of removal, partial motion to dismiss and related briefing, and answers.

5

(Opp'n, Doc. 15, #303). And they support that characterization with an affidavit that avers over $27,000 in "legal fees and expenses," approximately $8,500 of which Defendants claim will not be useful in a subsequent action. (*Id.* at #303–04). The Court recognizes that Defendants have, naturally, expended significant time, effort, and money in defending this action. While this factor weighs slightly in favor of Defendants, the magnitude of these expenditures alone does not mandate denial of Setty's motion. *See B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353 (N.D. Ohio 1985) (citing *Louis v. Bache Grp., Inc.*, 92 F.R.D. 459, 461 (S.D.N.Y. 1981).

With respect to the second factor, Defendants point to the nineteen-month lapse between the filing of their Fed. R. Civ. P. 12(b)(6) motion to dismiss (Doc. 10) and the instant motion. (Opp'n, Doc. 15, # 304). But, while asserting that the second factor thus "favors Defendants," they fail to offer any explanation of how the intervening months evince excessive delay or lack of diligence on behalf of Setty. To be sure, Setty *could have* filed his motion sooner; but a plaintiff might be forgiven, at least to some extent, for failing to file a dispositive motion while another is already pending before the Court. This delay cannot be attributed solely to Setty and, even if it could, cannot be considered entirely unreasonable.

More importantly, Defendants do not suggest that the delay in itself has caused prejudice, for example, because of the advanced stage of the litigation. On the contrary, it does not appear that the action advanced in any manner since Defendants' motion became ripe in August 2020. So far as the Court can tell, no paper discovery has been served and no depositions have been scheduled nor taken; indeed,

6

no calendar order was ever entered. Thus, the Court cannot conclude that the nineteen-month lapse alone—without any concomitant development of the case—caused additional "legal harm" to Defendants. *See Malibu Media*, 705 F. App'x at 408 (second factor weighed in favor of plaintiff even where plaintiff brought its Rule 41 motion after discovery had occurred, very close to the dispositive motion deadline, and where plaintiff was on notice that defendant intended to file a summary judgment motion). This factor weighs in Setty's favor.

At the third factor, Defendants take issue with Setty's failure to explain the basis of his request with more specificity. (Opp'n, Doc. 15, #304). And the Court agrees that his reasoning is somewhat vague: Setty cites as grounds for his motion "the time that has lapsed since [Defendants'] Motion to Dismiss was filed," coupled with "various aspects of the case that have developed, including availability of possible witnesses." (Mot., Doc. 14, #300). To be sure, the availability of witnesses and other evidence is a reasonable consideration in determining the propriety of continuing the litigation. However, the Court notes that this consideration does not seem to support a request for dismissal *without prejudice*. On the contrary, it seems unlikely that witnesses and other evidence will become any more available should the matter be dismissed and then re-filed. Thus, this factor weighs slightly in favor of Defendants.

The fourth *Grover* factor asks whether the defendant has filed a motion for summary judgment. Defendants concede they have not done so, and this factor, as traditionally formulated, thus weighs in favor of Setty. However, Defendants also point to an additional consideration: the pendency of their Motion to Dismiss (Doc.

7

10). Defendants argue that Setty failed to "substantively oppose" portions of their Motion to Dismiss, and that their (partially) unopposed motion would have in turn guaranteed a result in their favor. (Opp'n, Doc. 15, #305). Thus, according to Defendants, granting dismissal without prejudice in the face of their motion would cause plain legal prejudice.

Defendants correctly note that a motion for voluntary dismissal filed at the point when the law "clearly dictates" a result in the defendant's favor is more likely to cause plain legal prejudice. *Smith v. Holston Medical Group, P.C.*, 595 F. App'x 474, 477–78 (6th Cir. 2014); *see also Rosenthal*, 217 F. App'x at 500 ("Courts readily find plain legal prejudice where dismissal results in stripping a defendant of an absolute defense."). "Where a defense is still available in the second action," though, "courts are less likely to find plain legal prejudice." *Malibu Media*, 705 F. App'x at 409 (citing *Rosenthal*, 217 F. App'x at 501).

For example, in *Smith*, the Sixth Circuit affirmed a finding of plain legal prejudice to the defendant where, at the time the plaintiff filed her Rule 41 motion, the plaintiff lacked a qualified medical expert, the disclosure deadline for expert testimony had "long-since expired," and the plaintiff could not prove her claim without such expert testimony. *Smith*, 595 F. App'x 474, 477–78. As things stood, then, plaintiff was destined to lose. Moreover, the plaintiff expressly predicated her Rule 41 motion to dismiss without prejudice on a desire to secure an expert competent to testify. *Id.* at 476. Thus, if the motion to dismiss without prejudice were granted,

8

the defendant would have had its certain victory snatched away, only to face the possibility of failure in a subsequent suit.

Here, granting Setty's motion at this stage in the proceedings would cause no such prejudice to Defendants. Even if Defendants are correct that statutory immunity clearly dictates a result in their favor on Setty's tort claims against the Village, nothing would prevent Defendants from asserting the same defense in a subsequently filed action. *See Cogent Sols. Grp., LLC v. Brown*, No. 2:12-CV-665, 2013 WL 6116052, at *8 (S.D. Ohio Nov. 20, 2013). "This, then, differs from *Grover* and the cases *Grover* cites, where the 'clearly dictated' factor applied." *Id.* (citing *Grover*, 33 F.3d at 717–19). Courts are more concerned about prejudice to the defendant where dismissal will result in the *loss* of a defense, opening defendant to the possibility of liability in a subsequent suit that did not exist at the time of the first suit. *See Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (finding clear legal prejudice because the defendant "would be stripped of" the "absolute defense" of the statute of limitations); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) ("If defendant has already won its case, reimbursement of fees and expenses cannot make it whole from the injury of being sued again, *perhaps this time to lose*.") (emphasis added).

Given that Defendants could simply assert the same legal theory in a subsequent suit, the "prejudice" they seek to avoid looks more akin to the simple threat of a second lawsuit—a threat that is "not enough to show that [Defendants] will suffer legal prejudice from dismissal." *Malibu Media*, 705 F. App'x at 409 (citing *Grover*, 33 F.3d at 718). As such, the additional consideration of Defendants' pending

9

Motion to Dismiss (Doc. 10) does not convince the Court that Defendants will suffer plain legal prejudice if it grants Setty's motion.

Having weighed the foregoing factors, the Court concludes that Defendants will not suffer "plain legal prejudice" as articulated by the Sixth Circuit should the Court grant Setty's Motion to Dismiss his First Amended Complaint (Doc. 7) without prejudice. Defendants may perceive that outcome as unfair, and may suffer the prospect of a subsequent lawsuit, but these considerations alone do not constitute the type of harm that mandates denial of Setty's motion. The Court thus **GRANTS** Setty's Motion to Dismiss Without Prejudice Pursuant to Rule 41(a)(2) (Doc. 14).

**B.      The Court Declines To Award Defendants Their Legal Fees And Costs As A Condition Of Dismissal.**

Defendants argue in the alternative that the Court should award Defendants their legal fees and costs. (Opp'n, Doc. 15, #305). To be sure, the Court may, under Rule 41(a)(2), impose conditions on dismissal such as "the payment of costs incurred by a defendant." *Bridgeport*, 583 F.3d at 954. Like the decision to dismiss under Rule 41(a)(2) itself, the decision to award attorney fees and costs as a condition of that dismissal is discretionary. *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992). And courts exercise this discretion quite frequently. *See Wallace v. Wheeling Pittsburgh Steel Corp.*, No. 2:06-CV-610, 2007 WL 1795950, at *4 (S.D. Ohio June 20, 2007) (stating that imposition of costs on the plaintiff is "usually considered necessary" in Rule 41(a)(2) context) (quoting *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981)).

Despite the frequency of the practice, though, the Sixth Circuit "has expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2)." *Bridgeport*, 583 F.3d at 954; *see also Waldman v. Pitcher*, No. 1:10-cv-238, 2011 WL 4337046, at *2 (S.D. Ohio June 21, 2011) ("Rule 41(a)(2) is not a fee-shifting statute such that attorney fees are automatically awarded.") (internal quotations omitted), report and recommendation adopted, *Waldman v. Pitcher*, No. 1:10CV238, 2011 WL 4344987, at *1 (S.D. Ohio Sept. 15, 2011). Indeed, even the court in *Wallace*, a case Defendants cite for the notion that fee shifting is "usually considered necessary," declined to impose it as a condition of dismissal in that case. *Wallace*, 2007 WL 1795950, at *5.

Rather than awarding fees as a matter of course, courts have considered a variety of factors in determining whether an award is appropriate. These include: (1) whether the plaintiff brought and prosecuted the action in good faith; (2) whether the defendant incurred substantial expenses in defending the action, for example, because of the advanced stage of the proceedings or the nature of the litigation; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action. *See Dowling v. Select Portfolio Servicing, Inc.*, No. 05-CV-00049, 2007 WL 2815567, at *4 (S.D. Ohio Sept. 25, 2007) (citations omitted).

In view of these factors, the Court declines to impose fees and costs on Setty as a condition of dismissal. First, Defendants have not suggested that Setty brought the action in bad faith, nor that he delayed the litigation for the purposes of harassing

11

Defendants or driving up costs. And the Court sees no evidence to support this notion, either. Second, although Defendants have averred substantial costs in defending the action, those costs cannot be attributed to either the advanced stage of the litigation or the particular nature of the case. As noted above, it does not appear that any discovery occurred or that the litigation proceeded while the Defendants' Motion to Dismiss—which was filed less than a month after removal—was pending. Third, and relatedly, the Court sees no evidence that any delay on Setty's part imposed additional costs on Defendants. Thus, although Setty certainly could have filed his motion sooner, the delay does not weigh heavily in favor of imposing Defendants' costs on him. Fourth, while Defendants aver that approximately $8,500 of their legal fees and costs would be wasted in a subsequent action, (Opp'n, Doc. 15, #303–04), they neglect to explain why that is so. Rather, Defendants simply note that this subset of their costs arose from drafting the notice of removal, answers, and motion briefing. (*Id.*). But the Court fails to see how the documents Defendants cite, or at least the legal research underpinning those documents, could not be at least substantially repurposed in a subsequent suit based on the same facts and same law. Setty "should not have to reimburse Defendants for work that is likely to be repurposed in related litigation." *Luckey v. Butler Cnty.*, No. 1:05CV388, 2006 WL 91592, at *4 (S.D. Ohio Jan. 13, 2006) (citations omitted).

In sum, the Court sees no basis for departing from the traditional American Rule on attorney's fees, and therefore declines to impose Defendants' legal fees and costs on Setty as a condition of dismissal.[3]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Setty's Motion (Doc. 14), **DISMISSES** his First Amended Complaint (Doc. 7) **WITHOUT PREJUDICE**, and **DENIES AS MOOT** Defendants' Partial Motion to Dismiss (Doc. 10). The Court further **DIRECTS** the Clerk to **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

March 28, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court also notes that, should Setty seek to refile this case in federal court, the question of costs could be revisited under Fed. R. Civ. P. 41(d). That Rule provides that, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

13